```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

ALZHEIMER'S FOUNDATION OF AMERICA,
INC., d/b/a ALZHEIMER'S FOUNDATION,

              Plaintiffs and
              Counterclaim Defendant,
                                                10 Civ. 3314 (RWS)
   - against -
                                                     OPINION
ALZHEIMER'S DISEASE AND RELATED
DISORDERS ASSOCIATION, INC.,

              Defendant and
              Counterclaim Plaintiff.

----------------------------------------X

A P P E A R A N C E S:


    Attorneys for the Plaintiff

    MILLER & WRUBEL P.C.
    570 Lexington Avenue
    New York, NY 10022
    By:  Martin D. Edel, Esq.
         Kerrin T. Klein, Esq.

    THE INGBER LAW FIRM
    374 Millburn Avenue, Suite 301
    Millburn, NJ 07041
    By:  Mark J. Ingber, Esq.


    Attorneys for the Defendants

    BAKER & MCKENZIE LLP
    452 Fifth Avenue
    New York, NY 10018
    By:   John Basinger, Esq.
         Lisa Rosaya, Esq.
         Michael Atkins, Esq.
```



**Sweet, D.J.**

The plaintiff and counterclaim defendant Alzheimer's Foundation of America, Inc. (the "Plaintiff" or the "Foundation") has moved to compel defendant and counterclaim plaintiff Alzheimer's Disease and Related Disorders Association, Inc. (the "Defendant" or the "Association") to comply with the discovery as provided in the June 29, 2015 order ("the June 25 Order"). The Association has cross-moved to compel production of requested documents. The motion and cross-motion are granted in part and denied in part as set forth below. The motion for sanctions is denied.

**Prior Proceedings**

The Foundation commenced this action against the Association in 2010 alleging the Association received and deposited donation checks made payable to the Foundation. Familiarity with the prior opinions describing the prior proceedings is assumed, including: 796 F.Supp.2d 458 (S.D.N.Y. 2011); 2014 WL 4290455 (S.D.N.Y. Aug. 29, 2014); and 2015 WL 4033019 (S.D.N.Y. June 29, 2015).

1

The instant motion and cross-motion were heard and marked fully submitted on February 11, 2016.

**Applicable Standard**

Federal district courts have broad discretion in deciding motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. Freydl v. Meringolo, 09 Civ. 07196(BSJ)(KNF), 2011 WL 256608-7, at *3 (S.D.N.Y. June 16, 2011). Specifically, the resisting party must show how, "despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." Sokol v. Wyeth, Inc., No.

2

07 Civ. 8442, 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008). Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot. See, e.g., Decker v. Nagel Rice LLC, 716 F.Supp.2d 228, 236 (S.D.N.Y. 2010).

When a party fails to provide discovery in response to a court order, Federal Rule 37(b)(2) allows the Court to impose a variety of sanctions, from prohibiting certain claims and defenses to staying proceedings to dismissal of the action in whole or in part. Rule 37 requires that any sanction be "just," in order to ensure that "the severity of sanction [] be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007). A district court has "wide discretion" in determining what sanction is appropriate, Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991), but dismissal should not be imposed absent "willfulness, bad faith, or any fault" on the part of the party that failed to comply. Shcherbakovskiy, 490 F.3d at 140 (quotation omitted).

3

**The Motion is Denied in Part and Granted in Part**

The availability of the reports concerning keyword purchases by the Association and the Foundation were the subject of a meet and confer on February 4, 2016, and at the time of argument were to be investigated and the subject of a further meet and confer which will be held within three weeks.

A privilege log of documents called for in the Foundation's Request #30 will be provided. Any additional documents or videos covered by the request will be produced.

Any existing surveys, studies and related documents covered by Foundation Requests 57-58 will be produced.

"Preliminary" will be stricken from the Association's damage calculations. Any additional calculations will be produced.

All other Foundation requests are denied with leave granted to renew in the light of further discovery.

**The Cross-Motion is Denied in Part and Granted in Part**

Rule 26(a) initial disclosures will be exchanged by the parties.

The parties will exchange keyword reports and data in identical formats if possible.

Both parties will produce available requested documents relating to Eric Hall's presence (or absence) in the Paris ICAD unless privileged.

Upon the Foundation's representation that it has searched for and produced all correspondence requested by the Association's requests 9-10 and 110, the cross-motion is denied with leave to renew in light of further discovery.

The Association's Requests 65 and 102 are denied unless the privilege is waived and the opinions relied upon by the Foundation.

**The Motion for Sanctions is Denied**

The Foundation has not established that the

Association acted in bad faith in this hard-fought litigation. The motion for sanctions is denied with leave granted to renew at the conclusion of the action.

It is so ordered.

**New York, NY**
**April /5, 2016**

                                                          _____
                                                          ROBERT W. SWEET
                                                          U.S.D.J.